UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PEGGY SUE and MARK C. ZAMZOW,

Plaintiffs,

v.

HOMEWARD RESIDENTIAL, INC., and FIDELITY NATIONAL TITLE INSURANCE COMPANY,

Defendants.

CASE NO. C12-5755 BHS

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant Homeward Residential, Inc.'s ("Homeward") motion to dismiss (Dkt. 11). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 27, 2012, Plaintiffs Peggy Sue and Mark Zamzow ("Zamzows") filed a complaint in Mason County Superior Court for the State of Washington against Homeward and Fidelity National Title Insurance Company ("Fidelity") alleging various causes of action relating to a mortgage loan. Dkt. 1, Exh. A. On August 24, 2012, Homeward removed the matter to this Court. Dkt. 1.

On November 9, 2012, Homeward filed a motion to dismiss and certification of service. Dkt. 11. On November 27, 2012, Fidelity joined the motion. Dkt. 13. The Zamzows did not respond.

**II. DISCUSSION**

As a threshold matter, the Court considers the Zamzows' failure to respond to the motion as an admission that the motion has merit. Local Rule 7(b)(2).

With regard to the merits, motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts,* 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, Homeward has shown that the Zamzows' complaint fails to state a claim. The Zamzows' first cause of action fails because it is not a violation in Washington to split the note from the deed. *See Bain v. Metropolitan Morts. Group. Inc.*, 175 Wn.2d 83, 112–113 (2012). The Zamzows' second cause of action fails because they are not entitled to sue as a third party for breach of a Home Affordable Modification Program Servicer Participation agreement between Homeward and the government. *See,*

*e.g., Wrieht v. Bank of Am.. N.A.*, 2010 WL 2889117, at *3-4 (N.D. Cal. July 22, 2010). The Zamzows' third, ninth, and tenth causes of action fail because the Zamzows fail to allege facts that support a violation of the Washington Consumer Protection Act, RCW Chapter 19.86. The Zamzows' fourth cause of action fails because Homeward is not a debt collector subject to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p. The Zamzows' six and eleventh causes of action fail because they fail to allege that their loan was insured through the Federal Housing Authority's mortgage insurance program. The Zamzows' seventh cause of action fails because they fail to allege that Homeward misrepresented a presently existing fact. *Micro Enhancement Intem. Inc. v Coopers & Lybrand, LLP*, 110 Wn. App. 412, 436 (2002). Finally, the Zamzows' causes of action for promissory estoppel, quasi estoppel, and unclean hands fail because they have failed to allege facts to support each element of any claim. Therefore, the Court grants Homeward's motion and Fidelity's joinder in the motion.

### III. ORDER

Therefore, it is hereby **ORDERED** that Homeward's motion to dismiss (Dkt. 11) is **GRANTED.** The Clerk is directed to close this case.

Dated this 19th day of December, 2012.

BENJAMIN H. SETTLE
United States District Judge